UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

RAPHAEL U. ESTEVEZ,

    Plaintiff,

v.

THE FLORIDA PANTHERS
HOCKEY CLUB, LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Raphael Estevez ("Estevez"), through his undersigned attorney and pursuant to Federal Rules of Civil Procedure 7(a)(1), 8(a) and (d), and 11(a) and (b), files this Complaint against the Florida Panthers Hockey Club, Ltd. ("the Panthers") and alleges the following:

## NATURE OF THE ACTION

1.    Estevez brings this action against the Panthers for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.10, and Article X, § 24(a) of the Florida Constitution, and acts of discrimination based on a disability, handicap or perceived disability in violation of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 to § 760.11.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this claim involves a federal question arising under federal statutes, specifically, the FLSA and the ADA, and a claim for damages under federal law for a violation of Estevez's civil rights, pursuant to 28

U.S.C. § 1343(a)(4). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims brought pursuant to Fla. Stat. § 448.110 and Article X, § 24(a) of the Florida Constitution. Venue is proper in the Southern District, Fort Lauderdale Division, because Defendant's corporate headquarters and principal place of business, and all relevant acts and events occurred in Broward County, Florida.

## PARTIES

3. Estevez was employed by the Panthers for nearly seven (7) years from July 2009 until April 11, 2016. Estevez was employed by the Panthers at all times material to this action.

4. The Panthers is an employer doing business in Broward County, Florida as a professional hockey team. The Panthers at all times relevant to this claim employed more than 15 employees.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

5. Estevez has complied with the procedural requirements of the FMWA by providing the employer with notice of the violations of this section and his intent to initiate this action.

6. The Panthers violated the FMWA and the Florida Constitution by failing to pay the unpaid wages or to otherwise resolve the claim after receiving notice of the minimum wage violations.

7. Additionally, Estevez timely dual filed a Charge of Discrimination ("Charge") based on a disability or perceived disability with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). Attached as **Exhibit "A"** is his Charge.

8. Estevez has complied with the administrative procedures that were conditions precedent to filing this lawsuit. More than 180 days have passed since the filing of the Charge and

Estevez has obtained a Right to Sue letter from the EEOC. Attached hereto as **Exhibit "B"** is his Right to Sue from the EEOC. Therefore, Estevez is permitted to proceed with a civil lawsuit.

## FACTUAL ALLEGATIONS

9. Estevez was hired as a part-time employee working as a member of the Panther Patrol/Rat Pack, a group that performs activities during games to boost the energy level of the crowd.

10. Estevez was hired by Pete Soto to become a full-time employee in January 2012. He was assigned to the position of Game Operations/Mascot Coordinator; his primary duty was to act as the team mascot, Stanley Panther.

11. While employed as team mascot, Estevez was initially supervised by Pete Soto. Jon Adams, the Panthers' Director of Game Presentation, became Mr. Estevez's supervisor in August or September 2015.

12. During his employment with the Panthers, Estevez was an exemplary employee. Prior to Estevez's disclosure of his disability, he was never disciplined, written up, reprimanded or counseled for his performance or for his actions.

13. Estevez was well respected by his peers, and was considered a good team member that brought enthusiasm and energy to his work.

14. In addition to his performance at Panthers' games and events, Estevez made numerous appearances as the team mascot for private events, including but not limited to, birthdays, marketing events and parades.

15. The Panthers failed to compensate Estevez for his appearances at these private events. Estevez was not paid overtime or minimum wage for numerous hours worked engaging in private appearances.

16. Estevez was paid a salary for all hours worked, and was not paid overtime or minimum wage when he worked more than forty (40) hours in individual work weeks.

17. Estevez worked an average of 210 hours per month from January 2012 through April 2016, which included approximately 1,400 hours of unpaid overtime and/or minimum wages.

18. Estevez was hospitalized at Memorial Regional Hospital in Hollywood, Florida for severe depression on March 10, 2016.

19. Estevez's family called the Panthers' Human Resources Manager Peggy Ziady, to inform her that he was unable to continue working that day and that he had left the premises. Later, Estevez's mother called the Panthers' to advise of his impending hospitalization. Estevez's account also revealed that he contacted his boss while he was still hospitalized.

20. Additionally, Estevez's former boss, Pete Soto, contacted Estevez's current supervisor, Jon Adams, to inform him that Estevez was hospitalized with a disability.

21. Estevez returned to work on March 16, 2016, but he was still receiving treatment for his medical condition.

22. While he was on medical leave, Estevez missed one of the Panthers' games. It was the first time during his employment with the Panthers that he had missed a game.

23. Shortly after returning to work, Estevez met with Ziady and Lane Miller, Vice President of Human Resources, who assured Estevez that his job was not in jeopardy and the Panthers would not retaliate against him due to his medical condition.

24. The day after the meeting with Ziady and Miller, Estevez met with Richard Adler, Executive Vice President of Marketing, and was reassured that the Panthers would not retaliate and his job was not in jeopardy for taking medical leave for a disability.

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

25. Estevez made it clear to Ziady, Miller and Adler, three high-ranking managers, that he was still receiving treatment for his disability.

26. However, upon returning to work, Estevez was treated differently from employees who were not disabled or handicapped or perceived or regarded as being disabled or handicapped.

27. The Panthers subjected Estevez to disparate treatment by engaging in the following acts:

   A. Falsely accusing Estevez of demanding and accepting payment for participating in events for certain season ticket and box office holders. Estevez never at any time accepted money from patrons or fans for performing his duties as the team mascot.

   B. Falsely accusing Estevez of acts relating to his behavior that did not occur.

   C. Removing Estevez from the Energy Team, a group of employees that help boost the energy level of fans during hockey games. The Energy Team was supervised by Joelle Kearns, who reported to Andrew Mason, the Game Operations Manager.

28. Estevez was abruptly and unexpectedly terminated on April 11, 2016 for no valid reason.

29. Estevez was told by his supervisors, Adler, Adams, and Miller, that he was being terminated because he allegedly took part in a post-game photograph that was not approved by management, and because of his "attitude."

30. The team of managers told Estevez that because of the photograph and his "attitude" it would be best if "we went our separate ways."

31. The allegations used to justify Estevez's termination are not supported by the facts and reflect an intent to terminate Estevez's employment due to a disability or handicap or the employer's perception that Estevez could not perform his job because of a disability or handicap.

**COUNT I**
**Unpaid Overtime and Minimum Wages**
**The Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.*

32. Estevez re-alleges and incorporates by reference into Count I of this Complaint the allegations in paragraphs 1 through 4, and 9 through 17, as if fully stated herein.

33. Estevez was an "employee" as the term is defined by 29 U.S.C. § 203(e)(1) of the FLSA.

34. The Panthers was an employer as defined by 29 U.S.C. § 203(d) of the FLSA.

35. The Panthers are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA.

36. At all times during his employment with the Panthers, Estevez was not exempt from the overtime requirements of 29 U.S.C. § 207 of the FLSA and 29 C.F.R. § 541.

37. At no time during his employment with the Panthers did Estevez meet the requirements of the administrative or professional exemptions, or any other exemptions, of the FLSA or its governing regulations.

38. The Panthers failed to pay Estevez overtime for work weeks in which Estevez worked more than forty (40) hours, in violation of the FLSA. The FLSA required the Panthers to pay Estevez at a rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours.

39. The Panthers misclassified Estevez as an exempt employee when he should have been classified as non-exempt and entitled to overtime.

40. The Panthers also violated the FLSA by failing to pay Estevez at least minimum wage for all hours worked during his employment.

41. The Panthers also have violated the record-keeping requirements of the FLSA by failing to maintain records of all time worked by Estevez.

42. Because the Panthers' violations of the FLSA were willful, Estevez is entitled to liquidated damages.

43. As a direct and proximate result of the Panthers' illegal acts, Estevez has suffered damages, including lost wages and overtime, and has incurred and will continue to incur legal fees and costs.

WHEREFORE, Estevez respectfully requests that the Court award him damages for the following:

A. Any and all lost wages, including compensation for unpaid overtime and/or minimum wages;

B. Liquidated damages in the same amount of the lost wages;

C. Reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b); and

D. Any other relief the Court deems proper.

## COUNT II
### Unpaid Minimum Wage
**The Florida Minimum Wage Act, Fla. Stat. § 448.110 and
The Florida Constitution, Article X, § 24(a)**

44. Estevez re-alleges and incorporates by reference into Count II of this Complaint the allegations in paragraphs 1 through 6, 9 through 11, and 14 through 17, as if fully stated herein.

45. The FMWA and the Florida Constitution require employers to pay employees a minimum wage for all hours worked in Florida. Fla. Stat. § 448.110(3). The FMWA authorizes an aggrieved person to "bring a civil action in a court of competent jurisdiction against an employer" for failing to pay minimum wage for all hours worked.

46. The Panthers violated the FMWA and the Florida Constitution by failing to pay Estevez any compensation for certain hours worked during numerous work weeks.

47. Estevez was an aggrieved person under the FMWA and the Florida Constitution in that from January 2012 through April 11, 2016, he worked an average of 210 hours per month and was not paid for an average of approximately fifty (50) hours per month.

48. Upon prevailing in this action for unpaid minimum wages, Estevez would be entitled to recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages.

49. As a result of the Panthers' unlawful actions, Estevez suffered damages, including unpaid wages, and he was forced to incur, and will continue to incur, attorney's fees.

WHEREFORE, Estevez requests that the Court award him damages for the following:

A. Any and all unpaid back wages;

B. Liquidated damages in the same amount as the unpaid wages;

C. Reasonable attorney's fees and costs, pursuant to Fla. Stat. § 448.110(6)(c)(1) and Fla. Stat. § 448.08; and

D. Any other relief the Court deems proper.

### COUNT III
### Disability/Perceived Disability Discrimination
### The Americans With Disabilities Act As Amended, 42 U.S.C. § 12101 *et seq*.

50. Estevez re-alleges and incorporates by reference into Count III of this Complaint the allegations set forth in paragraphs 1 through 4, 7 through 14, and 18 through 31, as if fully stated herein.

51. The Panthers at all times relevant to this claim employed more than fifteen (15) employees.

52. Estevez was disabled in that he had an impairment that substantially limited one or more major life activities, or he was regarded as having such a disability.

53. At all times during his employment with the Panthers, Estevez was a qualified individual in that he was able to perform the essential functions of his job with or without an accommodation.

54. When Estevez returned from medical leave on March 16, 2016, he either had a disability or was regarded as having a disability that the Panthers perceived as rendering him incapable of performing the essential functions of his position.

55. As a result of Estevez's disability or the Panthers' perception that he was disabled, Estevez was subjected to discriminatory treatment by the Panthers, which ultimately resulted in his termination from employment.

56. The Panthers discriminated against Estevez on the basis of a disability or a perceived disability by treating him less favorably than employees who were not disabled or perceived as disabled, and by terminating his employment.

57. The Panthers' proffered reasons for terminating Estevez were false and nothing more than a pretext for the Panthers' discriminatory motives.

58. As a result of the Panthers' discriminatory conduct, Estevez has suffered damages, including lost wages, significant emotional distress, and he has incurred, and will continue to incur, attorney's fees.

WHEREFORE, Estevez respectfully requests that the Court award him damages for the following:

A.   Any and all lost wages and benefits;

B.   Front pay;

    C.    Any and all compensatory damages for mental and emotional distress;

    D.    Punitive damages;

    E.    Reasonable attorney's fees and costs; and

    F.    Any other relief the Court deems proper.

### COUNT IV
### Handicap/Perceived Handicap Discrimination
### The Florida Civil Rights Act, Fla. Stat. § 760.01-§ 760.11

59. Estevez re-alleges and incorporates by reference into Count IV of this Complaint the allegations set forth in paragraphs 1 through 4, 7 through 14, 18 through 31, as if fully stated herein.

60. Estevez was handicapped in that he had an impairment that substantially limited one or more major life activities, or he was regarded by the Panthers as having such a handicap.

61. At all times during his employment with the Panthers, Estevez was a qualified individual in that he was able to perform the essential functions of his job with or without an accommodation.

62. When Estevez returned from medical leave on March 16, 2016, he either had a handicap or was regarded as having a handicap that the employer perceived as rendering him incapable of performing the essential functions of his job.

63. As a result of Estevez's handicap or the Panthers' perception that he had a handicap, Estevez was subjected to discriminatory treatment by the Panthers, which ultimately resulted in his termination from employment.

64. The Panthers discriminated against Estevez on the basis of a handicap or a perceived handicap by treating him less favorably than non-handicapped employees and by terminating his employment.

65. The Panthers proffered reasons for terminating Estevez and subjecting him to disparate treatment were false and nothing more than a pretext for the Panthers' discriminatory motives.

WHEREFORE, Estevez requests that the Court award him damages for the following:

A. Lost wages and benefits;

B. Front pay;

C. Compensatory damages for mental and emotional distress;

D. Punitive damages;

E. Reasonable attorney's fees and costs, pursuant to Fla. Stat. § 760.11(5); and

F. Any other relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues and counts in this Complaint.

Respectfully submitted,

s/Erika Deutsch Rotbart
Florida Bar No. 0047686

DEUTSCH ROTBART & ASSOCIATES, P.A.
4755 Technology Way, Suite 106
Boca Raton, Florida 33431
Telephone: (561) 361-8010
Facsimile: (561) 361-8086
E-mail: edrotbart@dralawfirm.com
Attorney for Plaintiff