UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 16-cv-63007-JIC

RAFAEL U. ESTEVEZ,

      Plaintiff,

v.

THE FLORIDA PANTHERS
HOCKEY CLUB, LTD.,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT AS TO COUNT II, AND INCORPORATED MEMORANDUM OF LAW

Defendant, THE FLORIDA PANTHERS HOCKEY CLUB, LTD. ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves to dismiss Counts I and II of the Complaint and Demand for Jury Trial (the "Complaint") filed by Plaintiff, RAPHAEL U. ESTEVEZ ("Plaintiff"), for failure to state a cause of action upon which relief may be granted.[1] In the alternative with regard to Count II, Defendant moves pursuant to Rule 12(e) for a more definite statement because Plaintiff's allegations are so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. In support thereof, Defendant states as follows:

---

[1] Simultaneous with filing Defendant's Motion to Dismiss Counts I and II of the Complaint, Defendant is filing a Motion for Extension of Time to Respond to Counts III and IV of Plaintiff's Complaint and Demand for Jury Trial, until such time as this instant Motion is disposed of by Court Order.

{40450043;2}

## I.   INTRODUCTION

On December 29, 2016, Plaintiff served Defendant with the four-count Complaint alleging violations of the following in connection with Plaintiff's former employment with Defendant: (1) the Fair Labor Standards Act ("FLSA") (Count I); (2) the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA") and Art. X, § 24 of the Florida Constitution (Count II); (3) the Americans with Disabilities Act, as amended (Count III); and (4) the Florida Civil Rights Act, as amended (Count IV).   For the reasons stated herein, Counts I and II of the Complaint should be dismissed for failure to state a claim upon which relief may be granted.   First, Plaintiff's claim in Count I under the FLSA should be dismissed for failure to sufficiently allege either individual or enterprise coverage under the FLSA.   Second, Plaintiff's claim in Count II under the FMWA and Art. X, § 24 of the Florida Constitution should be dismissed for failure to satisfy the specific pre-suit notice requirements of the FMWA. In the alternative, Plaintiff should be directed to provide a more definite statement with respect to contradictory and ambiguous allegations purportedly supporting Count II.

## II.   MEMORANDUM OF LAW

### A.   LEGAL STANDARD ON MOTION TO DISMISS.

The Court should dismiss a claim when, as here, all factual allegations accepted as true, fail to raise a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See id.* at 679. "Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff still is obligated to

{40450043;2}                                    2

provide the 'grounds' for his entitlement to relief, and a 'formulaic recitation of the elements of a cause of action will not do.'" *Phillips v. M.I. Quality Lawn Maintenance, Inc.*, No. 10-20698, 2010 WL 4237619, *2 (S.D. Fla. Oct. 21, 2010) (quoting *Twombly*, 550 U.S. at 555). Here, Counts I and II of Plaintiff's Complaint should be dismissed because Plaintiff has failed to articulate enough factual allegations to state a facially plausible claim for relief under the FLSA and the FMWA in accordance with the standards set forth by the Supreme Court in *Twombly* and *Iqbal*.

**B.     COUNT I SHOULD BE DISMISSED FOR FAILURE TO SUFFICIENTLY ALLEGE INDIVIDUAL OR ENTERPRISE COVERAGE UNDER THE FLSA.**

To state a claim for relief under the FLSA, Plaintiff must establish that he was an employee covered by the FLSA, based on either individual coverage or enterprise coverage. *See Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a), 207(a)). Here, Count I must be dismiss because Plaintiff failed to sufficiently plead either enterprise or individual coverage under the FLSA.

First, the <u>Complaint is devoid of any facts supporting individual coverage</u> under the FLSA. As explained by the Eleventh Circuit, to claim individual coverage under the FLSA an employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493-98, 63 S. Ct. 1248, 1249-1252 (1943)). Here, Plaintiff does not allege facts sufficient to support either of the factors identified by the Eleventh Circuit in *Thorne*. Nowhere in the Complaint does Plaintiff allege whether Plaintiff's work for Defendant involved a connection to interstate commerce. Thus, Plaintiff has

failed to sufficiently plead individual coverage under the FLSA. *See Villafana v. Feeding S. Fla., Inc.*, No. 13-60760-CIV-COHN/SELTZER, 2013 WL 2646729, at *2 (S.D. Fla. 2013) (Cohn, J.) (finding that plaintiff failed to adequately plead individual coverage under the FLSA where the plaintiff did not allege either of the *Thorne* factors).

Second, Plaintiff has failed to adequately plead enterprise coverage under the FLSA. To establish enterprise coverage, Plaintiff must allege facts illustrating that Defendant "(1) has at least two employees engaged in interstate commerce or the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that had once moved or been produced for in interstate commerce, and (2) has gross sales of at least $500,000 in sales annually." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1317 (11th Cir. 2011) (citing 29 U.S.C. § 203(s)(1)(A)(i)-(ii)). Plaintiff alleges in paragraph 35 of the Complaint: "The Panthers are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. s. 2013(s)(1) of the FLSA." However, this allegation is merely a legal conclusion and fails to sufficiently establish enterprise coverage under the FLSA. *See Perez v. Muhab, Inc.*, No. 10–62441–Civ., 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) (concluding that the plaintiff's conclusory allegations regarding enterprise coverage were insufficient to state a claim for relief under the FLSA). Plaintiff has completely failed to allege any facts, beyond mere legal conclusions, that Defendant has employees who engage in interstate commerce or the production of goods for interstate commerce, and that Defendant meets the minimum statutory threshold of $500,000 for annual gross volume of sales made or business done. *See id.* (noting that "[t]he Complaint does not allege anything regarding whether Defendant [] has $500,000 in gross revenue during the relevant period."). As such, Plaintiff has failed to sufficiently plead enterprise coverage under the FLSA.

While Plaintiff may not need to establish "super detailed factual allegations as to every facet of FLSA coverage," Plaintiff is required to plead more than bare conclusory allegations of individual or enterprise coverage under the FLSA. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (dismissing FLSA claim for failure to provide sufficient allegations as to enterprise and individual coverage under the FLSA). While Plaintiff ultimately may be able to allege sufficient factors to support individual and/or enterprise coverage, he simply has not done so here. Accordingly, Count I of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted under the FLSA. *See Gomez v. Kern*, No. 12-20622-CIV, 2012 WL 1069186, at *2 (S.D. Fla. Mar. 29, 2012) (dismissing FLSA claim where plaintiff failed to allege sufficient facts to show individual or enterprise coverage).

**C.      COUNT II SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE FMWA PRE-SUIT NOTICE REQUIREMENTS.**

In Count II, Plaintiff seeks to recover unpaid minimum wages under the FMWA and Article X, § 24 of the Florida Constitution. However, Count II of the Complaint should be dismissed because Plaintiff has failed to adequately allege that Plaintiff provided the pre-suit notice to Defendant, as required under the FMWA, to bring a claim for unpaid minimum wages.

The FMWA, which is the exclusive remedy under Florida state law for alleged violations of Article X, § 24 of the Florida Constitution, requires that:

> . . . prior to bringing any claim for unpaid minimum wages pursuant to [§ 448.110], the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. **The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of the alleged unpaid wages through the date of the notice.**

Fla. Stat. § 448.110(6)(a) (emphasis added); *see also* § 448.110(10). After receiving notice, an employer has fifteen (15) calendar days to resolve the matter before the aggrieved employee may file a claim against the employer for unpaid minimum wages. § 448.110(6)(b). Importantly, the FMWA provides that the "terms" of the claim for unpaid minimum wages "must be consistent with the contents of the notice" provided to the employer. § 448.110(6)(b).

Here, Plaintiff generally alleges in the Complaint that "[Plaintiff] has complied with the procedural requirements of the FMWA by providing the employer with notice of the violations of this section and his intent to initiate this action." (Compl. ¶ 5, ECF No. 1.) Yet, Plaintiff fails to allege facts supporting that each of the FMWA's pre-suit notification requirements were met before Plaintiff filed the claim.  Nowhere in the Complaint has Plaintiff alleged (because he cannot, as it did not occur) that he provided Defendant with pre-suit notice identifying: (1) the minimum wage to which the Plaintiff claims entitlement; (2) the actual or estimated work dates and hours for which payment is sought; and (3) the total amount of the alleged unpaid wages through the date of the letter.  *See* § 448.110(6)(a). Moreover, Plaintiff has not alleged that he provided Defendant with fifteen (15) calendar days to resolve the matter before Plaintiff filed the Complaint, as required by Section § 448.110(6)(b).  Notably, Plaintiff failed to attach Plaintiff's pre-suit notice to Defendant as an exhibit to the Complaint.  As such, Plaintiff has not satisfied the conditions precedent to filing a claim against Defendant under the FMWA and Article X § 24 of the Florida Constitution.

Courts presented with similar pre-suit notice deficiencies have dismissed claims brought under the FMWA and Article X, § 24 of the Florida Constitution for failure to comply with the FMWA's specific pre-suit notice requirements. *See Villafana*, 2013 WL 2646729, at *5 (S.D. Fla. 2013) (Cohn, J.) (dismissing FMWA claim under similar circumstances where the plaintiff

failed to attach the pre-suit notice to the complaint, which resulted in the Court being unable to determine whether the notice complied with the statutory requirement); *Gomez*, 2012 WL 1069186, at *2 (dismissing FMWA claim where defendants disputed the adequacy of the notice and plaintiff failed to plead the contents of the notice). As such, Count II should be dismissed.

> **D.   ALTERNATIVELY, PLAINTIFF MUST PROVIDE A MORE DEFINITE STATEMENT WITH RESPECT TO CONTRADICTORY ALLEGATIONS IN COUNT II.**

In the alternative, Defendant moves, pursuant to Federal Rule of Civil Procedure 12(e), for a more definite statement because Plaintiff's allegations in Count II are so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. In paragraph 16 of the Complaint, Plaintiff alleges he "was paid a salary for all hours worked," but in paragraph 46 of the Complaint, Plaintiff alleges that Defendant failed to pay him "any compensation for certain hours worked during numerous work weeks." (Compl. ¶¶ 16, 46, ECF No. 1.) As the allegations in these two contradictory paragraphs create ambiguity, Defendant cannot reasonably prepare a response to the allegations. Thus, Defendant respectfully requests the Court to enter an Order requiring Plaintiff to provide a more definite statement clarifying the ambiguous allegations in paragraphs 16 and 46 of the Complaint.

## III.   CONCLUSION

For the foregoing reasons, Defendant, The Florida Panthers Hockey Club, LTD., respectfully requests the Court to enter an Order: (1) dismissing Counts I and II of Plaintiff's Complaint for failure to state a claim upon which relief can be granted; (2) alternatively with regard to Count II, requiring Plaintiff to provide a more definite statement clarifying the ambiguous allegations in paragraphs 16 and 46 of the Complaint; and (3) awarding Defendant such further and additional relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that on January 25, 2017, counsel for Defendant conferred with counsel for Plaintiff in a good faith effort to resolve issues raised in connection with the request for a more definite statement; however, counsel for the parties were unable to timely resolve the request made by Defendant.

Dated:   January 25, 2017

Respectfully submitted,

/s/ *Arlene K. Kline*
Arlene K. Kline, Esquire
Florida Bar No. 104957
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, Florida  33401
Telephone:  (561) 653-5000
Facsimile:  (561) 659-6313
E-mail:  arlene.kline@akerman.com

and

Sarah M. DeFranco, Esquire
Florida Bar No. 889741
**AKERMAN LLP**
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-mail: sarah.defranco@akerman.com

*Counsel for Defendant*

{40450043;2}

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Arlene K. Kline
Arlene K. Kline, Esquire

## SERVICE LIST

Erika Deutsch Rotbart, Esquire
**DEUTSCH ROTBART & ASSOCIATES, P.A.**
4755 Technology Way, Suite 106
Boca Raton, Florida  33431
Telephone: (561) 361-8010
Facsimile: (561) 361-8086
E-mail:  edrotbart@dralawfirm.com
*Counsel for Plaintiff*

Arlene K. Kline, Esquire
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, Florida  33401
Telephone:  (561) 653-5000
Facsimile:  (561) 659-6313
E-mail:  arlene.kline@akerman.com

and

Sarah M. DeFranco, Esquire
**AKERMAN LLP**
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-mail: sarah.defranco@akerman.com
*Counsel for Defendant*