UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-63007-CIV-COHN/SELTZER

RAPHAEL U. ESTEVEZ,

    Plaintiff,

vs.

THE FLORIDA PANTHERS
HOCKEY CLUB, LTD.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS COUNTS I AND II OF PLANITIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon the Motion to Dismiss Counts I and II of Plaintiff's Complaint [DE 11] ("Motion") filed by Defendant The Florida Panthers Hockey Club, Ltd.  The Court has considered the Motion, Plaintiff Raphael Estevez's Response [DE 16], and Defendant's Reply [DE 23], and is otherwise fully advised in the premises.

### I.   Background

Plaintiff was a full-time employee of Defendant from January 2012 to April 2016. [DE 1 ¶¶ 10, 28.]  His primary duty was to act as Defendant's team mascot: Stanley Panther.  [Id. ¶ 10.]  Plaintiff alleges that, while working for Defendant, he made several appearances as Stanley Panther at private events but was not paid overtime or minimum wage for "numerous hours" he worked at these private appearances.  [Id. ¶ 15.]  Plaintiff further alleges that, on March 10, 2016, he was hospitalized for severe depression.  [Id. ¶ 18.]  He returned to work on March 16, 2016 but claims that, upon returning to work, he was treated differently from other employees.  [Id. ¶¶ 21, 26.]

Plaintiff was ultimately terminated on April 11, 2016, and claims that this was due to his severe depression. [Id. ¶ 28, 31.]

Based on these allegations, Plaintiff brings claims against Defendant for violations of the Fair Labor Standards Act ("FLSA") (Count I), the Florida Minimum Wage Act ("FMWA") and Article X, § 24 of the Florida Constitution (Count II), the American with Disabilities Act ("ADA") (Count III), and the Florida Civil Rights Act (Count IV). [See id.] Defendant moves to dismiss Counts I and II of the Complaint, asserting that the Complaint fails to properly allege individual or enterprise coverage under the FLSA and that Plaintiff's FMWA claim should be dismissed for failure to satisfy the FMWA's pre-suit notice requirements. [See DE 11.] Alternatively, Defendant moves for a more definite statement with respect to what it claims are contradictory and ambiguous allegations relating to Plaintiff's FMWA claim. [Id.]

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because

the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556.

**III.    Analysis**

 A.    Plaintiff Fails to Adequately Plead FLSA Coverage

A claim under the FLSA requires a nexus with interstate commerce which can be met by either individual coverage of the employee at issue or enterprise coverage of the defendant business. Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1265–66 (11th Cir. 2006). Defendant contends that Plaintiff fails to plead either enterprise or individual coverage. [DE 11 at 3.] In response, apparently conceding his failure to plead individual coverage,[1] Plaintiff argues only that he has sufficiently pled enterprise coverage. [DE 16 at 3-4.] The Court disagrees.

A business alleged to come within the FLSA's enterprise coverage must have "employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and must have at least $500,000 of "annual gross volume of sales made or business done." Polycarpe v. E & S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)) (per curiam). "To satisfy the first prong, [a] [p]laintiff must demonstrate that, on a regular and recurrent basis, at least two of [the] [d]efendants' employees engaged in

---

[1] An employee claiming individual coverage "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006). Plaintiff does not allege facts sufficient to support either of these factors.

3

commerce or handled goods and material that have been moved in commerce." Villafana v. Our Children's Planet Corp., 15-23432-CIV, 2016 WL 3470013, at *2 (S.D. Fla. Mar. 24, 2016) (quoting Williams v. Signature Pools & Spas, Inc., 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009)).

Here, Plaintiff only alleges that Defendant is "an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA." [DE 1 ¶ 35.] Defendant correctly notes that this is merely a legal conclusion unsupported by any facts that Defendant (1) has employees who engage in interstate commerce or the production of goods for interstate commerce and (2) meets the minimum statutory threshold of $500,000 of annual gross sales made or business done. Although Plaintiff's Complaint is devoid of these factual allegations, Plaintiff attempts to cure this deficiency by setting forth additional facts in his Response to Defendant's Motion. [See DE 16 at 4.]

In his Response, Plaintiff states that publicly available documents show that Defendant "is valued at more than $100 million dollars, and therefore, meets the FLSA's $500,000 gross sales threshold. Additionally, the Panthers regularly engage in interstate commerce by playing games in cities throughout the United States and Canada." [Id.] At this stage, the Court is precluded from considering these additional factual allegations as they are not contained in the Complaint. See Burgess v. Religious Tech. Ctr., Inc., 600 Fed. Appx. 657, 665 (11th Cir. 2015) (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009)) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss."). See also Tsavaris v. Pfizer, Inc., 15-CV-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1,

2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint."). Therefore, based on the allegations actually contained in Plaintiff's Complaint, Plaintiff fails to sufficiently plead enterprise coverage under the FLSA. See Perez v. Muab, Inc., 10-62441-CIV-COHN, 2011 WL 845818 (S.D. Fla. Mar. 7, 2011) (concluding that plaintiff's conclusory allegations regarding enterprise coverage were insufficient to state a claim under the FLSA).

### B. Plaintiff Fails to Satisfy the FMWA Pre-Suit Notice Requirements

A person wishing to bring a FMWA claim must provide pre-suit written notice to his employer stating his intent to bring such an action. Specifically, "[t]he notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Fla. Stat. § 448.110(6)(a). Once given notice of the claim, the employer has fifteen days to pay the unpaid wages or otherwise resolve the claim. Fla. Stat. § 448.110(6)(b). If the employer fails to do so, then an FMWA claim – "the terms of which must be consistent with the contents of the notice" – may be filed. Id.

Defendant asserts that Count II should be dismissed because Plaintiff failed to give proper pre-suit notice of his claim. In his Complaint, Plaintiff alleges that he "has complied with the procedural requirements of the FMWA by providing the employer with notice of the violations of this section and his intent to initiate this action." [DE 1 ¶ 5.] Defendant notes, however, that Plaintiff does not attach the notice he claims to have provided or allege facts supporting that the notice actually satisfied the FMWA. [DE 11

at 6.] Defendant also faults Plaintiff's failure to allege that he provided Defendant with fifteen days to resolve the matter before he filed the Complaint. [Id.]

To address Defendant's arguments for dismissal of his FMWA claim, Plaintiff again attempts to cure a deficiency in his Complaint through his Response to Defendant's Motion. Plaintiff attaches to his Response a May 9, 2016 letter ("Notice Letter") from his counsel to Defendant's Vice President of Human Resources. [DE 16-1.] Plaintiff argues that the Notice Letter "provided sufficient specificity . . . to inform Defendant of the wage violation and [Plaintiff's] intent to initiate this action if the wages were not paid." [DE 16 at 6.] Plaintiff further explains that in the Notice Letter, "he estimated that he was owed a total of 440 hours of unpaid wages." [Id. at 5.] He argues that this is permissible under the FMWA, which provides that the required pre-suit written notice "must identify . . . the actual or estimated work dates and hours for which payment is sought." Fla. Stat. § 448.110(6)(a) (emphasis added). Defendant does not dispute having received the Notice Letter, but argues that it fails to satisfy the requirements of the FMWA. [DE 23 at 6.]

As explained above, "[a]t the motion to dismiss stage, the Court will not consider matters outside the pleadings." Villafana v. Feeding S. Florida, Inc., 13-60760-CIV, 2013 WL 2646729, at *5 (S.D. Fla. June 12, 2013). Consideration of the Notice Letter is therefore improper. In Gomez v. Kern, 12-20622-CIV, 2012 WL 1069186, at *2 (S.D. Fla. Mar. 29, 2012), as in this case, the plaintiff "neither refer[red] to the contents of the [statutory pre-suit] notice in his Complaint nor attache[d] the document to his Complaint." The Gomez court dismissed the plaintiff's FMWA claim without prejudice

6

because it was unable to determine whether the plaintiff complied with the FMWA's pre-suit notification requirements.  Id.  The same result is appropriate here.[2]

### IV.     Conclusion

In light of the foregoing, it is **ORDERED and ADJUDGED** as follows:

1. Defendant The Florida Panthers Hockey Club, Ltd.'s Motion to Dismiss Counts I and II of Plaintiff's Complaint [DE 11] is **GRANTED**.

2. Counts I and II Plaintiff's Complaint [DE 1] are hereby **DISMISSED** without prejudice.

3. By no later than **March 23, 2017,** Plaintiff may file an Amended Complaint that comports with this Order.  Alternatively, by no later than **March 23, 2017**, Plaintiff may file a Notice to proceed solely on Counts III and IV.

4. Defendants' response shall be due 14 days from the filing of an Amended Complaint or Notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of March, 2017.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF

---

[2] In the interests of efficiency, however, the Court notes that if Plaintiff elects to amend his FMWA claim, it appears doubtful that the Notice Letter complies with FMWA in that it does not identify either (1) the minimum wage to which Plaintiff claims entitlement or (2) the total amount of the alleged unpaid wages.  See Fla. Stat. § 448.110(6)(a).  Moreover, the "terms" of Plaintiff's FMWA claim do not appear to be consistent with the contents of the Notice Letter.  [Compare DE 1 ¶ 17 with DE 16-1 p. 3.]